```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 12-60567-CIV-COHN
                          MAGISTRATE JUDGE P.A. WHITE
JERRY L. BYRD,                   :

       Plaintiff,                :    REPORT OF
                                      MAGISTRATE JUDGE
v.                               :       (DE#95)

A. LAMBERTI, ET AL.,

       Defendants.               :
_____
```

This Cause is before the Court upon the plaintiff's Motion for Protective Order (DE#95) and a screening of the Amended Complaint filed on October 19, 2012 (DE#113).

Motion for Protective Order (DE#95)

The defendant, Discovery Communications, propounded their first set of Requests for Admissions, Interrogatories and Production to the plaintiff on July 23, 2012. On August 13, 2012, the plaintiff filed a Motion for Protective Order. Discovery filed a response in opposition. The plaintiff replied he had responded to discovery requests, but was having trouble sending mail and making telephone calls from his place of incarceration. The plaintiff's responses were insufficient, and the defendant filed a Motion to Compel the plaintiff to file a more sufficient response. On September 20, 2012, the Court granted the Motion to Compel, ordering the plaintiff to provide better responses to Interrogatories 3 and 7, and granting in part the defendant's Motion to Compel responses to first set of Requests for Admissions.

Defendant states that todate, the plaintiff has not served revised or supplemental responses, but instead filed the Motion for Protective Order. The plaintiff claims his responses would violate his Fifth Amendment right not to incriminate himself, however he

fails to identify which items in the requests would violate his right against self- incrimination.

It is therefore recommended that plaintiff's Motion for Protective Order be denied (DE#95), and the plaintiff be ordered to send revised responses to the defendant, if he has not done so at this time, and allow the plaintiff to identify exactly which responses would result in self-incrimination.

Amended Complaint (DE#113)

The plaintiff filed his Amended Complaint on October 19, 2012, which is before this Court for screening.

## II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *

>  (B) the action or appeal –
>
>  \* \* \*
>
>  (i)  is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or
>
>  (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered

conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

Facts of the case

In the initial complaint, the plaintiff names as defendants Sheriff Al Lamberti, Deputy Sheriff Erika Huerta, Discovery Communications/T.L.C. Network and John Doe (BJ), Owner of the Relax Inn Motel.

On March 31, 2011, the four named defendants were present for the filming of the reality show "Police Woman of Broward" at the Relax Inn Motel located in Pompano Beach, Florida. Huerta, posing as a street level prostitute approached the plaintiff and solicited him. She used equipment belonging to the Broward Sheriff's Office to record conversations and actions between herself and the plaintiff. Discovery Communications illegally filmed the plaintiff without his consent or a valid permit, allegedly denied by the City Officials. Discovery personnel entered into a contract agreement with Huerta for the purposes of the show.  Discovery Communications is the owner of TLC network, liable for the illegal filming. John Doe (BJ) is the owner of the Relax Motel and was in agreement with the reality show to film the show on the premises.  The plaintiff was charged by information in Broward County Circuit Court case no. 11005659CF10A. He seeks monetary damages and injunctive relief.

A Report was entered, recommending the claim of a Fourth Amendment violation proceed against defendants Huerta, Sheriff Lamberti, and Discovery Communications, and that the plaintiff be permitted to provide more specific identification as to John Doe

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

(BJ). The Report was adopted on May 25, 2012, and the case has proceeded through discovery.

### Amended complaint

In the amended complaint, the plaintiff again names Lamberti, Huerta, Discovery Communications/T.L.C. Network, and adds Relativity Real, Inc, and Relax Inn Motel, Inc., in their official and individual capacities.

### Relax Inn Motel, Inc.

In the prior complaint the plaintiff named a John Doe, as owner of the Relax Inn, and he was permitted to amend his complaint to provide the Court with his name. He has failed to do this, and is attempting to name the Relax Inn, Inc., as a defendant. The Relax Inn is not a person under the §1983 statute. Further, the Inn was merely the location of the program, however, there are no allegations that the Inn took part in violating the plaintiff's Fourth Amendment Rights. This defendant should be dismissed.

### Relativity Real, Inc.

The plaintiff states that Defendant Discovery Communications is the Parent Company of Relativity Real, Inc., who actually signed the contract to produce the program "Police Woman of Broward County", and was responsible for the proceedings of the Reality Show. It is therefore recommended that service be ordered upon this defendant.

### Official Capacity

Lastly, the plaintiff is naming the defendants in their official, as well as individual capacity. A §1983 suit against the

defendants in their official capacity is tantamount to a suit against the State, and thus the defendants would be immune from monetary damages based upon the Eleventh Amendment. <u>Gamble v. Fla. Dept. of Health and Rehabilitative Services</u>, 779 F.2d 1509, 1512-13 (11 Cir. 1986).  The allegations of the complaint, however, state a classic case of officials acting outside the scope of their duties and in an arbitrary manner. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendants in their individual capacity.

### III. <u>Recommendation</u>

1. Relax Inn, Inc. should be dismissed for failure to state a claim.

2. The claims should proceed against Relativity Real Inc., and service should be ordered against this defendant.

3. All claims against the defendants in their official capacity should be dismissed.

4. The operative complaints are the initial complaint (DE#1) and the amended complaint (DE#113), although the remaining claims in the amended complaint appear cumulative.

Objections to this Report may be filed with the District Judge within fourteen days.

Dated at Miami, Florida, this 21st day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE

cc: Jerry L. Byrd, Pro Se
    Joseph V. Conte Facility
    Address of record