UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60567-CIV-COHN/WHITE

JERRY L. BYRD,

    Plaintiff,

vs.

AL LAMBERTI, SHERIFF,
et al.,

    Defendants.
_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT DISCOVERY COMMUNICATIONS, LLC'S OBJECTIONS**

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 130] of Magistrate Judge Patrick A. White regarding Plaintiff Jerry L. Byrd's Amended Complaint [DE 113] brought pursuant to 42 U.S.C. § 1983 and Motion for a Protective Order [DE 95].  The Court has carefully considered the Amended Complaint, Motion for a Protective Order, Defendant Discovery Communications, LLC's ("Discovery") Objections [DE 152] ("Discovery Objections")[1], Plaintiff's Response in Opposition [DE 176] ("Plaintiff Response"), Defendant Discovery Communication, LLC's Reply [DE 177] ("Reply"), the record in the case, and is otherwise fully advised in the premises.[2]

---

[1] On January 11, 2013, Defendants Al Lamberti and Erika Huerta filed a Notice of Joinder to Discovery Communications, LLC's Objections.  See DE 175.

[2] On January 4, 2013, after Plaintiff failed to respond to Discovery's objections by the deadline of January 3, 2013, the Court entered an order to show cause.  See DE 158.  The Court received Plaintiff's Response to the Objections on January 11, 2013.  See DE 176.  On January 23, 2013, the Court received Plaintiff's response to the Order to Show Cause.  See DE 181.  On January 29, 2013, Discovery filed a reply to Plaintiff's response to the Order to Show Cause.  See DE 183.  Plaintiff

I. BACKGROUND

Plaintiff Jerry Byrd ("Plaintiff") commenced this action on March 29, 2012.  See Complaint [DE 1].  Plaintiff thereafter filed an Amended Complaint against Defendants Al Lamberti ("Lamberti"), Sheriff, Erika Huerta ("Huerta), Discovery Communications/T.L.C. Network ("Discovery"), Relativity Real, Inc., and Relax Inn Motel, Inc. (collectively "Defendants").  The Amended Complaint brings a claim pursuant to 42 U.S.C. § 1983 against Defendants.  Plaintiff alleges that Defendant Huerta, filming the reality show Police Women of Broward County, approached Plaintiff in front of the Relax Motel in Pompano Beach, Florida.  Am. Compl. ¶¶ 11-12.  Huerta, working undercover as a prostitute, solicited Plaintiff.  Id. ¶ 12.  Plaintiff alleges that Huerta was off-duty at the time of their encounter, and together with the other Defendants, "manufactured a staged reverse prostitution sting."  Id. ¶¶ 13-14.  When Plaintiff met Huerta in her room, Plaintiff was arrested.  Id. ¶ 16.  The arrest was filmed for the television program Police Women of Broward County.  Id.  Plaintiff contends that he was never advised that he was being filmed for Police Women of Broward County and that the filming violated his constitutional rights.  Id. ¶¶ 18, 28.  Plaintiff also alleges that the filming was illegal because the Defendants did not have a valid filming permit.  Id. ¶ 27.  Plaintiff entered a plea of no contest to an information charging him with

---

thereafter filed a response to Discovery's response to the Plaintiff's response to the Order to Show Cause.  See DE 186.  Discovery then filed a Motion to Strike Plaintiff's Response to its response to the order to show cause ("Motion to Strike"), arguing that the latest response was an impermissible surreply.  See DE 187.  Plaintiff then filed an opposition to the Motion to Strike.  See DE 189.  Because the Court's Order to Show Cause became moot when it received Plaintiff's Objections to the Report and Recommendation, the Court will disregard all briefing associated with the Order to Show Cause.  The Motion to Strike will therefore be denied as moot.

possession of cocaine and offering for prostitution on June 6, 2011.  Exhibit J to Complaint.  He was sentenced to 68 days of time served on both charges.  Id.

## II. DISCUSSION

### A. The Court will Deny Plaintiff's Motion for Protective Order.

In the Report, Judge White recommends that Plaintiff's Motion for Protective Order [DE 95] be denied because Plaintiff has failed to identify which items in Discovery's discovery request would violate his Fifth Amendment right against self-incrimination.  No party has objected to this portion of the Report.  Accordingly, the Court will adopt Judge White's recommendation and deny the Motion for Protective Order.

### B. Claims against Defendant Relax Inn Motel, Inc. Should be Dismissed.

Because Plaintiff moved to proceed in *forma pauperis* [DE 4], Judge White also conducted a screening of the Amended Complaint pursuant to 28 U.S.C. § 1915.  Plaintiff's Amended Complaint, brought pursuant to 42 U.S.C. § 1983, arises from his arrest for solicitation of an undercover police officer posing as a prostitute.  Plaintiff alleges that his arrest was illegally filmed without his consent and without a valid filming permit for the television show Police Women of Broward County.  In the Report, Judge White recommends that Plaintiff's claims against Defendant Relax Inn Motel, Inc. should be dismissed because it is not a person under the § 1983 statute.  Report at 6.

The Court agrees, that as currently plead, the claims against Defendant Relax Inn Motel, Inc. should be dismissed.  See Report at 6.  "To state a claim for relief in an action brought under § 1983, [plaintiff] must establish that [he was] deprived of a right

secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.  Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999) (internal punctuation and citations omitted).  To determine whether the actions of a private entity may be considered state action for the purposes of liability under § 1983, the Eleventh Circuit has employed three different tests:

> Previously, this circuit set forth the three primary tests the Supreme Court has used to determine whether state action exists: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." We must determine on a case-by-case basis whether sufficient state action is present from a non-state actor (defendant) to sustain a section 1983 claim.

Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting Willis v. Univ. Health Servs., Inc., 993 F.2d 837, 840 (11th Cir.1993)).

Here, the Court agrees with Judge White that the allegations of the Amended Complaint are insufficient to support that Defendant Relax Inn Motel, Inc. was a state actor.  The Amended Complaint merely alleges that this Defendant permitted filming on its premises.  See, e.g., Am. Compl. ¶¶ 8, 35.  Such bare allegations are insufficient to support state action under any of the above tests.  Accordingly, the Court will dismiss the claims against Defendant Relax Inn Motel Inc. for failure to state a claim.

4

### **C. Claims against Defendants in their Official Capacities.**

Judge White also recommends that all claims against the Defendants in their individual capacities be dismissed because this would be "tantamount to a suit against the State." Report at 7. Where a section 1983 plaintiff sues government employees (such as police officers) in their official capacities, the suit is in actuality against the governmental entity that the individuals represent. Farred v. Hicks, 915 F.2d 1530, 1532 (11th Cir. 1990) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Brandon v. Holt, 469 U.S. 464, 471-72 (1985)). Thus, any claims against Defendants Lamberti and Huerta in their official capacities would be improper. The Court disagrees, however, with the Report's assertion that any claim against the Broward County Sheriff's Office would be prohibited by the Eleventh Amendment. See Report at 7. In Hufford v. Rodgers, 912 F.2d 1338, 1342 (11th Cir.1990), the Eleventh Circuit held that held that Florida sheriffs are county, and not state, officials. Gordan v. Cochran, 116 F.3d 1438, 1439 n.1 (11th Cir. 1997). In Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991), the Eleventh Circuit further held that the Eleventh Amendment does not protect Florida sheriffs from liability for claims brought pursuant to 42 U.S.C. § 1983 because the funds used to satisfy assessments against sheriffs are not paid from the state's treasury. Id. Thus, a claim against the Broward County Sheriff's Office would be appropriate in this case.

It is unclear to the Court, however, whether Plaintiff's claim against Defendant Lamberti is actually a claim against the Broward County Sheriff's office itself. The Court notes that Defendant Lamberti is no longer Broward County Sheriff. Thus Defendant Lamberti can no longer be sued in his official capacity. See Williams v. Goldsmith, 4 F.

Supp. 2d 1112, 1122 (M.D. Ala. 1998) (finding that it was improper to allow official capacity claims to proceed against individuals who were no longer representatives of the entity). If Plaintiff's claim against Defendant Lamberti is actually a claim against the Broward County Sheriff's Office, he may move to substitute the current sheriff pursuant to Federal Rule of Civil Procedure 25(d).

### D. Discovery's Objections.

Discovery objects to the Report, arguing that the Amended Complaint should be dismissed because (1) Plaintiff's claims are barred by the favorable termination requirement of Heck v. Humphrey; (2) there is no constitutional right not to be filmed; (3) Plaintiff cannot state a claim under § 1983 for defamation; (4) Plaintiff seeks relief that the Court cannot grant; and (5) Plaintiff's request for an injunction violates Defendants' First Amendment Rights. The Court will address each of these arguments individually below.

#### 1. Whether Plaintiff's claims are Barred by Heck v. Humphrey.

Discovery asserts that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because "[a] judgment in favor of Byrd would necessarily imply the invalidity of his conviction." Discovery Objections at 3. The basis for this argument is that the Amended Complaint seeks "250,000 in punitive damages for the criminal judicial proceedings of case 11005659F10A" and contains allegations regarding due process violations in his criminal case. Id. Discovery also argues that Courts have found claims alleging that a plaintiff was entrapped by a reverse sting operation and that a plaintiff's right to exculatory evidence was violated as barred by Heck. Id. at 5-6.

Here, the record is undisputed that Plaintiff's criminal conviction has not been

6

terminated in his favor. The Fourth District Court of Appeal denied Plaintiff's appeal of the denial of his motion for post-conviction relief. Byrd v. State, 108 So. 3d 1104 (Fla. Dist. Ct. App. 2013). "Under Heck, to recover damages for harm caused by actions whose unlawfulness would make a conviction or sentence invalid, a plaintiff under 42 U.S.C. § 1983 must prove that the conviction or sentence 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus.'" Gandara v. Bennett, 528 F.3d 823, 826 n.1 (11th Cir. 2008) (quoting Heck, 512 U.S. at 486-87). Thus, the Court agrees with Discovery that Plaintiff is barred from seeking $250,000 in punitive damages from Defendants related to his criminal conviction or alleged due process violations in that case. See Am. Compl. ¶ 44.

The Court disagrees, however, that Heck mandates dismissal of the Amended Complaint. The Amended Complaint also seeks compensatory damages relating to Defendants filming Plaintiff without his consent. See, e.g., Am. Compl. ¶ 39. The filming of Plaintiff without his consent could constitute a violation of the Fourth Amendment. See Frederick v. The Biography Channel, 683 F. Supp. 2d 798, 801 (N.D. Ill. 2010). To prevail on this claim, Plaintiff need not establish that his conviction was unlawful. Thus, dismissal of the entire Amended Complaint is not warranted.

### 2. Whether There is a Constitutional Right Not to Be Filmed.

Discovery next asserts that Plaintiff has failed to state a claim under section 1983 because the Amended Complaint does not state which "federally protected right" was violated. Discovery Objections at 7. Additionally, Discovery argues that failure to

have a valid filming permit would not give rise to a viable claim under section 1983.  Id. Discovery also argues that there is no constitutional right not to be filmed.  Id. at 8. Finally, Discovery attempts to distinguish Frederick v. The Biography Channel because the police and camera crew in that case ignored the plaintiff's request not to be filmed. Id. at 8-9.

The Court agrees with Discovery that the Defendants' failure to have a valid city filming permit, even if true, would not support a claim under section 1983.  Construing Plaintiff's *pro se* Amended Complaint liberally, as this Court must, however, it is not apparent that Plaintiff cannot state a claim under section 1983.  As this Court previously held in adopting Judge White's Report on the Complaint, the Court has construed Plaintiff's claim regarding being filmed without consent as a claim that his Fourth Amendment rights were violated.  See DE 16.  Accordingly, Plaintiff's allegation that Defendants filmed him without his consent, Am. Compl. ¶¶ 18, 39, is sufficient to state a claim for a violation of his Fourth Amendment right to be free from an unreasonable seizure.[3]  See Lauro v. Charles, 219 F.3d 202, 213 (2d Cir. 2000) (holding that staged perp walk for television cameras violated the Fourth Amendment because it was "unrelated to the object of the arrest, that had no legitimate law enforcement justification, and that invaded [the plaintiff] Lauro's privacy to no purpose" and "exacerbat[ed] Lauro's seizure in an unreasonable manner."); Frederick, 683 F. Supp.

---

[3] Discovery's argument relies in part on matters outside the pleadings. They argue, for example, that Plaintiff was not in a state of undress, his arrest was not prolonged by the filming, he did not object to being filmed when he learned he was being filmed, and his face was blurred.  Discovery Objections at 9.  These arguments should be raised in a motion for summary judgment, not a motion to dismiss.

2d at 802 ("All of defendants' Rule 12(b)(6) arguments that focus narrowly on the scope of any asserted constitutional right of privacy miss the mark entirely, for they do not speak at all to the Fourth Amendment issue of an unconstitutionally unreasonable seizure as such.").

### 3. Whether Plaintiff can State a Claim Under Section 1983 for Defamation.

Next, Discovery argues that Plaintiff cannot state a claim under section 1983 based on defamation of character. Discovery Objections at 9.[4]  "Reputation alone, apart from some other tangible interest, is not a 'liberty' or 'property' interest by itself sufficient to invoke the procedural protection of the Due Process Clause." Moncrieffe v. Broward Cnty. State Attorney's Office, No. 12-10126, 2013 WL 1482684, at *1 (11th Cir. Apr. 10, 2013) (citing Paul v. Davis, 424 U.S. 693, 701-02 (noting that the weight of decisions "establishes no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment") (internal citation omitted)). "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." Id. (quoting Siegert v. Gilley, 500 U.S. 226, 233 (1991)).  "Damages to a plaintiff's reputation 'are only recoverable in a section 1983 action if those damages were incurred as a result of government action significantly altering the plaintiff's

---

[4] In his Response, Plaintiff asserts that he has stated a claim for the Florida tort of invasion of privacy. See, e.g., Plaintiff Response at 7. Additionally, he represents that the Defendants conduct violates Fla. Stat. § 540.08. However, as Discovery points out in its Reply, the Amended Complaint fails to bring a state tort claim for invasion of privacy or reference Fla. Stat. § 540.08. See Reply at 1-2. Even under a liberal construction of the Amended Complaint, it does not contain such claims. Thus, the Court need not consider Discovery's argument that Plaintiff cannot assert such claims.

constitutionally recognized legal rights.'" Rehberg v. Paulk, 611 F.3d 828, 851-52 (11th Cir. 2010) (quoting Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1438 (11th Cir.1998)). "To establish a liberty interest sufficient to implicate the fourteenth amendment safeguards, the individual must be not only stigmatized but also stigmatized in connection with ... [a] government official's conduct [that] deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation." Id. at 852 (citations omitted).

The Court agrees with Discovery that the Amended Complaint lacks sufficient allegations to establish that Plaintiff suffered any injury to a liberty or property interest beyond his reputation. Moreover, even if Plaintiff had adequately plead a constitutional deprivation apart from an injury to his reputation, Plaintiff's arrest and conviction itself cannot constitute an injury to Plaintiff's legal rights where his conviction has not been overturned. A finding that Plaintiff was defamed by the events filmed would necessarily call into question the validity of his conviction. Accordingly, even if adequately plead, any claim for defamation under section 1983 would be barred by Heck. See Glaser v. Citt & Cnty. of Denver, No. 12-cv-00828-RBJ-KLM, 2013 WL 1397303, at *14 (D. Colo. Feb. 28, 2013) ("Thus, the Court finds that a favorable adjudication of the merits of Plaintiff's § 1983 claim for defamation and harassment would necessarily call into question the lawfulness of his convictions."). Therefore, the Court will sustain Discovery's Objections and dismiss Plaintiff's section 1983 claim to the extent it is premised upon defamation.

### 4. Whether Plaintiff Seeks Relief Which the Court Cannot Grant.

Discovery also argues that Plaintiff cannot obtain relief based upon a denial of

due process during his state court prosecution. Discovery Objections at 10. The Court agrees. As discussed above, Plaintiff may not seek damages from Defendants stemming from his criminal prosecution. Plaintiff cannot attack the validity of his criminal convictions in the guise of a section 1983 claim. See Heck, 512 U.S. at 486-87. Discovery also contends that by virtue of his nolo contendere pleas, Plaintiff is collaterally estopped from denying the recorded acts that resulted in his plea and conviction. Discovery Objections at 11. Because the Court has already concluded that Plaintiff has failed to state a defamation claim and any defamation claim he could bring would be barred by Heck, the Court need not resolve this issue.

5. Whether Plaintiff's Request for an Injunction Violates Defendants' First Amendment Rights.

Finally, Discovery contends that Plaintiff's request for a preliminary and permanent injunction ordering Discovery to cease showing the episode with Plaintiff "would amount to a prior restraint on Discovery's speech and publication under the First Amendment." Discovery Objections at 11. The Court finds that this argument is premature. This Court has denied Plaintiff's motions for a preliminary injunction. The Court has yet to determine whether Plaintiff is entitled to any relief. Discovery may renew this argument in a motion for summary judgment.

**E. Service as to Defendant Relativity Real, Inc.**

Judge White also recommends that service be ordered as to Defendant Relativity Real, Inc., a subsidiary of Defendant Discovery and signer of the contract to produce Police Women of Broward County. Report at 6. No party has objected to this portion of the Report. Accordingly, the Court adopts this recommendation. Service as

to Defendant Relativity Real, Inc. may proceed.

### F. Only the Amended Complaint is the Operative Complaint.

Finally, the Report states that "[t]he operative complaints are the initial complaint (DE#1) and the Amended Complaint (DE#113). Report at 7. The undersigned respectfully disagrees. "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." Schreane v. Middlebrooks, No. 12-12373, 2013 WL 3328825, at *1 (11th Cir. July 2, 2013) (quoting Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370 n.6 (11th Cir. 1982)). Here, the Amended Complaint does not refer to or incorporate the Complaint. Thus, only the Amended Complaint is the operative complaint in this matter.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 130] is hereby **ADOPTED IN PART**;

2. All claims against Defendants in their official capacities are hereby **DISMISSED**;

3. All claims against Defendant Relax Inn Motel, Inc. are hereby **DISMISSED**;

4. The Amended Complaint shall be served upon Defendant Relativity Real, Inc.;

5. Plaintiff's Motion for a Protective Order [DE 95] is **DENIED**;

6. Defendant Discovery Communications, LLC's Motion to Strike Plaintiff's Response to Defendant Discovery Communications, LLC's Reply to Plaintiff's Response in Opposition to Objections to Report and Recommendations of

      Magistrate Judge [DE 187] is **DENIED** as **MOOT**; and

7.     Defendant Discovery Communications, LLC's Objections to Report and Recommendation of Magistrate Judge [DE 152] are **SUSTAINED IN PART AND OVERRULED IN PART**, as described above.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of July, 2013.

                                              JAMES I. COHN
                                              United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.